The Honorable Shane Broadway State Senator
201 Southeast Second Street Bryant, Arkansas 72022-4025
Dear Senator Broadway:
I am writing in response to your request for an opinion regarding the conflict of interest provisions found at A.C.A. § 14-47-107 (Supp. 2009). You provide the following factual background before stating your question:
 The City of Benton has a civil service commission for its fire and police departments. One of the commissioners is a stockholder and officer in a closely held corporation which provides occasional services to the city. . . . Past services of the corporation include the drafting of the city's personnel policy handbook and occasional advice concerning personnel matters to the mayor. . . . The corporation does not have an alderman or council member as a stockholder. The city has not passed an ordinance with respect to these services as provided in A.C.A. § 14-42-107(b)(1).
Your question is as follows:
 If a corporation is not owned by an alderman or stockholder [sic: council member], may services be provided by the corporation to the city pursuant to A.C.A. § 14-42-107(b)(2) which provides that the prohibition in A.C.A. § 14-42-107(b)(1) does not apply to corporations in which a controlling interest is held by stockholders who are not aldermen or council members? *Page 2 
RESPONSE
For the reasons explained below, it is my opinion that the answer to your question is "no."
Subsection 14-42-107(b)(1) establishes a general rule that prohibits certain conflicts of interest: "No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality. . . ." If a conflict exists under that rule, another clause in that same subsection provides a way for the city's governing body to nullify the conflict by enacting an enabling ordinance: "the governing body of the city . . . [may] enact[] an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority."
Subsection 14-42-107(b)(2), therefore, establishes a system whereby an otherwise interested person under subsection (b)(1) could engage in the contract without an enabling ordinance. Subsection 14-42-107(b)(2) states in full:
 The prohibition prescribed in this subsection shall not apply to contracts for furnishing supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman, or council member, official, or municipal employee holds any executive or managerial office or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
(Emphasis added.)
This office has repeatedly construed subsection 14-42-107(b)(2).[1] In the five opinions construing this subsection, the primary issue with which my predecessors wrestled was whether the above emphasized "or" should be read conjunctively or disjunctively. The earliest three opinions from this office argued that the best reading was a disjunctive reading. This reading permits the contractual relationship between the interested public servant and the city even without city-council *Page 3 
approval in either of two situations. First, if the public servant having an interest in the transaction does not serve in a managerial or executive position with the contracting company, then this was deemed sufficient to exempt the contract from subsection 14-42-107(b)(1)'s general prohibition. Second, if the public servant was a council member or a board member and did not own a controlling interest in the contracting company, then this was deemed sufficient to exempt the contract from the prohibition.
You have, in effect, asked whether the above reading of subsection 14-42-107(b)(2) is accurate. The person about whom you ask is a public servant doing business with the city she serves, which business is conducted via a corporation in which she is an officer.[2] Under the disjunctive approach, explained above, the contracts are permitted because the public servant/corporate officer is not an alderman or council member who holds a controlling share in the corporation. Under that reading, it is irrelevant whether the public servant holds an executive or managerial office in the corporation.
The most recent two opinions from this office have rejected the disjunctive approach, and I concur in their analysis. Rather than rehash my predecessor's analysis, I will enclose his opinion for your reference and simply note his primary rationale, with which I concur:
 [T]he legislature's apparent purpose in enacting A.C.A. § 14-42-107(b) was to prohibit any transaction between a city and a corporation whose affairs are subject to strong influence by a municipal officer or employee with a direct financial interest in the contract unless the city council expressly approves the transaction. It strikes me as inconsistent with this purpose, for instance, to allow an unapproved transaction between a city and a corporation whose chief executive is an alderman. . . . The inherent conflict arising from the chief executive's participation on both sides of this contract would not be mitigated in the least by the fact that no members of the city council exerted a controlling ownership interest in the contracting corporation. Given this fact, I believe . . . the legislature intended to classify each of the two statutory contingencies — viz., a *Page 4 
municipal official or employee's holding an executive or managerial position in the proposed contractor or one or more aldermen owning a controlling interest in the proposed contractor — as an independent bar to the corporation's contracting with the city without council approval.
Op. Att'y Gen. 2004-230, 7-8.
This reading indicates the general prohibition does not apply in a situation in which the contracting corporation meets twocriteria. First, no alderman, council member, official, or municipal employee holds an executive or managerial office in the corporation. Second, no aldermen or council members own a controlling interest in the corporation's stock. Thus, in response to your question, both clauses in subsection 14-42-107(b)(2) must be met to qualify for the subsection's exemption, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
Enclosure
[1] E.g., Op. Att'y Gen. Nos. 2004-230, 2000-276, 90-132, 94-283, 97-120. The most recent two opinions changed the course set by the other three.
[2] You describe the person in question as an "officer" in the corporation. By using the term "officer" in that way, I assume you mean she holds an executive or managerial office in the corporation. *Page 1